**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONI GOZ, on behalf of the Estate of Lynn D. Travers, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALLIED COLLECTION SERVICES, INC.; GRANT & WEBER, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; SILVER STATE SCHOOLS CREDIT UNION; WELLS FARGO HOME MORTGAGE, <br><br> Defendants-Appellees. | No.   19-15819 <br><br> D.C. Nos. <br> 2:16-cv-01848-RFB-PAL <br> 2:17-cv-01591-RFB-PAL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted June 9, 2020[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MILLER and HUNSAKER, Circuit Judges, and SCHILTZ,[***] District Judge.

Toni Goz, as administrator of the estate of Lynn Travers, appeals from the district court's grant of summary judgment in favor of Experian and Silver State Schools Credit Union on Travers's claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Before considering the merits, we have a duty to determine our jurisdiction under Article III. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). Experian argues that Travers did not show that she suffered any concrete harm as a result of the alleged FCRA violations. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing."); *accord Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). But Travers did more than allege a violation of a bare procedural right. She showed that the inaccurate information at issue was published to third parties, *see Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117–18 (9th Cir. 2017), and she testified that the disclosure caused her emotional distress, *see Drew v. Equifax Info. Servs.,*

---

[***] The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, sitting by designation.

2

*LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012). Because Travers sufficiently demonstrated a concrete injury, we turn to the merits of the FCRA claims.

We review the district court's grant of summary judgment de novo. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). When a consumer disputes "the completeness or accuracy of any item of information contained in [his or her] file at a consumer reporting agency," the FCRA requires the consumer reporting agency, and any entity that furnished the information to the agency, to reasonably "reinvestigat[e] . . . whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A); *see id.* § 1681s-2(b)(1); *Gorman*, 584 F.3d at 1154 (concluding that duties under the FCRA "are triggered 'upon notice of dispute'—that is, when a person who furnished information to a[n] [agency] receives notice . . . that the consumer disputes the information").

Here, Travers notified Experian that it was inaccurately reporting certain information in her consumer profile and requested that: (1) the Silver State accounts report zero balances, (2) the Silver State accounts report that they were "discharged in Bankruptcy," rather than "charged off" multiple times, and (3) the Wells Fargo account reflect the correct monthly balances. There is no dispute that Experian and Silver State timely investigated and corrected those three inaccuracies. Nor is there any dispute that Experian, after conducting the

3

investigation, explained to Travers that if she still questioned the accuracy of the information, then she could submit additional documents supporting her claim, add a statement disputing the accuracy or completeness of the information, or directly contact the entity that furnished the information.

While Travers still questioned the accuracy of the date on which her Chapter 13 bankruptcy was reported as discharged, she never again contacted Experian or Silver State before filing this action. The district court concluded that "[a]lthough the date of the bankruptcy may have continued to be misreported after the conclusion of the reinvestigation," there was no genuine dispute of material fact on whether Travers notified Experian of that specific reporting error. *See* 15 U.S.C. § 1681i(a)(1)(A). We agree.

Nothing in Travers's notice to Experian, or in the supporting documents that she provided, indicated that Experian was inaccurately reporting the date on which her bankruptcy was discharged. Travers's failure to provide adequate notice of this reporting error therefore "limit[ed] the *scope* of [Experian's and Silver State's] dut[ies] . . . by excusing a more limited investigation." *Drew*, 690 F.3d at 1107 (emphasis in original) (citing *Gorman*, 584 F.3d at 1157 n.11). Goz argues that we have liberally construed the FCRA's notice requirements, but she cites no case in which we have permitted a consumer to prevail on an FCRA claim without first

4

putting the credit reporting agency on notice of the information that is disputed.
*See id*.

**AFFIRMED**.